STATE *v.* HENRY BARRELL.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed February 25, 1903.

*Information—Amendment of.*

A State's Attorney may, by leave of Court, amend an information filed by his predecessor in office.

An information is not required to be upon the State's Attorney's oath of office.

INFORMATION FOR LARCENY. At the December Term, 1902, Windsor County, *Rowell,* C. J., presiding, the State's Attorney asked leave to amend the information in matters of substance, to which the respondent objected. The objection was overruled *pro forma,* the amendment was allowed, and the information was amended accordingly. Thereupon, the case was tried by jury on a plea of not guilty, and a verdict of guilty rendered. The respondent moved in arrest of judgment for the insufficiency of the information, which motion was overruled, and judgment rendered on the verdict. The respondent excepted.

*Gilbert A. Davis* for the respondent.

The Court had no power to allow the information to be amended in a matter of substance. The information was under the oath of a former State's Attorney. *State* v. *Wheeler*, 64 Vt. 569; *State* v. *Brown*, 72 Vt. 410; 1 Bish. Crim. Pro., s. 325; *Com.* v. *Rodes*, 1 Dana 595; *State* v. *Dover*, 9 N. H. 468; Hughes' Crim. Law, s. 446.

The Court having no power to permit an amendment, the trial must have been on the original information, which was insufficient, and judgment should have been arrested. *Garcia* v. *State*, 26 Tex. 209.

*Herbert H. Blanchard*, State's Attorney, for the State.

An information of a State's Attorney can be amended by his successor both in form and substance. The personality of the State's Attorney is not considered; he acts as a public officer, and the office is continuous. *State* v. *Meacham*, 67 Vt. 709; *State* v. *White*, 64 Vt. 372; *Atty. Gen.* v. *Henderson*, 3 Anst. 714; *People* v. *Hensslee*, 48 Mich. 49; *Rex* v. *Wilkes*, 4 Bur. 2527, 2566-2572; 1 Chit. Crim. Law, 844-869; 15 Richardson (So. Car.) 39.

WATSON, J. At the December Term, 1902, of the County Court in Windsor County, the State's Attorney moved to amend the information which had been filed at the preceding term of court by his predecessor in office. The respondent objected thereto on the ground that, as the present State's Attorney did not file the information he could not amend it. The objection was overruled *pro forma*, and the amendments were allowed and made, to which the respondent excepted. The case was then tried by jury, and a verdict of guilty rendered. The respondent moved in arrest of judgment for the insufficiency of the information. This motion was overruled, the

information adjudged sufficient, and judgment rendered on the verdict; to which respondent excepted.

That an information may be amended both in matters of form and in matters of substance is well settled, (*State* v. *White,* 64 Vt. 372, 24 Atl. 250; *State* v. *Hubbard,* 71 Vt. 405, 45 Atl. 75) ; but it is contended that leave for that purpose can be granted only to the State's Attorney who filed the information, because it is said to be under his oath of office; and that, his term of office having expired, the legal and proper course for the present State's Attorney, if the information was defective in substance, was to enter a *nolle prosequi,* and then file a new information.

In England, at common law, the Attorney General was the sole judge of what public misdemeanors he would prosecute, and he could file an information against any one whom he thought proper to select, without oath or motion, and without any opportunity for the accused to show cause against the proceeding; and the conduct, continuance, suspension, and the dropping the prosecution were left entirely to his discretion. Chit. Cr. L. 345 ; 4 Black. Com. 309.

In this State there is no law requiring a State's Attorney to make oath to an information filed by him. He is required to take the oath of office prescribed in the Constitution; but it was held in *State* v. *Sickle,* Brayton, 132, that it was not necessary for him to state in an information that he informs under his oath of office. The oath of office under which he acts is for the faithful performance of his duties as such officer, but in no sense is it an oath to the truth of the allegations set forth in an information filed *ex-officio* by him, and it constitutes no obstacle in the way of amendments by any State's Attorney who may have the matter in charge.

Criminal informations are in the name of the State, and only the allegations of the State's Attorney who exhibits them, and they are said by Mr. Chitty (1 Chit. Cr. L. 841), to be "analogous to declarations for the redress of a personal injury, except that the latter are at the suit of a subject for the satisfaction of a private wrong," and the former are "for the punishment of offences affecting the interests of the public." Lord Comyn says (Com. Dig. Tit. Information) : "An information is a declaration of the charge or offense against any one at the suit of the King." And in *Rex* v. *Wilkes,* 4 Burr. 2553, Lord Mansfield says: "An information for a misdemeanor is the King's suit. The title of the cause is 'The King against the defendant.' * * * As a subject sues by attorney, so does the King, with a little variation of form for decency." See, also, *State* v. *White,* above cited.

It appears from *Rex* v. *Wilkes* that generally in England informations for misdemeanors of a public character were brought by the Attorney General as an official right, but in case of his absence from the realm, disqualification, disability from sickness, or if the office of Attorney General was vacant, the whole business and authority devolved upon the Solicitor Generl, another of the King's counsel, and, except in the difference of his description, the form of the information was the same. In the case last cited, the office of Attorney General being vacant, the information was exhibited by the Solicitor General, and before the respondent pleaded, the Solicitor General was made Attorney General, and in that capacity brought into Court the information he had filed as Solicitor General. Desiring to amend the information, he then directed one of the clerks in court for the Crown to apply to a judge for such an order. On notice to the other side, and upon hearing before Lord Mansfield at Chambers, the Crown being represented by

the said clerk, and the respondent by his solicitor and his clerk in court, it was ordered: "Upon hearing the clerks in court on both sides, I do order that the information in this cause be amended," etc. And upon writ of error, it was held that the information was properly filed by the Solicitor General, and that in thus permitting its amendment there was no error. Although the exact question before us was not involved in that case,—the Attorney General being the same person who as Solicitor· General had filed the information,—yet the course therein pursued with the discussion and the holdings of the Court, is of great value; for it shows that in permitting the attorney for the Crown to make such amendment, the fact that when he filed the information he was acting under some other official designation was immaterial. Whichever designation, he was the attorney for the Crown in that case, and could be granted leave to make the amendment required, and a clerk for the Crown could make the motion, and obtain the leave.

The case of *Attorney General* v. *Henderson,* 3 Anstr. 714, is very much in point. There the Attorney General filed the information and the Solicitor General was permitted to amend it by adding another count.

In Michigan the Assistant Prosecuting Attorney was authorized to perform only such duties as might be required of him by the Prosecuting Attorney, yet it was held in *People* v. *Henssler,* 48 Mich. 49, 11 N. W. 804, that in the absence of the Prosecuting Attorney, the person who in his stead appeared for the people (in that case the Assistant Prosecuting Attorney) must, from necessity, have the power, with the permission of the Court, to make amendments to the information.

We do not find that this question has before been passed upon by this Court. But in *State* v. *Meacham,* 67 Vt. 707,

32 Atl. 494, where the question was upon the sufficiency of the information upon demurrer, it is said in the opinion, *per curiam*, that owing to the views of the judges, no decision could be made regarding that question, but that inasmuch as the information of a State's Attorney could be amended by his successor in office, both in form and in substance, the judgment would be reversed *pro forma*, and the case remanded to the County Court to be proceeded with.

Although it does not appear that the question of a State's Attorney's amending an information filed by his predecessor in office was before the Court, the disposition of the case is significant in showing how the law regarding it was then understood.

Upon principle and authority we think a State's Attorney may be permitted to amend an information filed by his predecessor in office; for the State is acting, and whether it is represented by the same attorney throughout the case, or by different ones in the same office, the law regarding amendments is the same.

The motion in arrest of judgment is based upon the information as it was before the amendments were made. No claim is made that it is insufficient as amended.

*Judgment that there is no error in the proceedings of the County Court, and that the respondent take nothing by his exceptions. Let sentence be pronounced, and execution done.*