## STATE v. QUINTEN PUENT.[1]

October 23, 1936.

No. 31,020.

[1]Reported in 269 N. W. 372.

*Fryberger, Fulton & Boyle,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *Emmett Jones,* County Attorney, for the State.

DEVANEY, CHIEF JUSTICE.

Information charging Quinten Puent with the crime of manslaughter in the second degree.

On September 27, 1935, defendant was driving an automobile toward Two Harbors on state highway No. 61. John Boniface and Anthony Maio were riding in an automobile traveling in the opposite direction. A collision occurred, and Anthony Maio was killed. Boniface, the driver of the other car, and the defendant were injured and taken to a hospital in Two Harbors. The county coroner held an inquest, and the coroner's jury returned its verdict finding that Maio came to his death by reason of the defendant's driving his automobile in a culpably negligent manner. A coroner's warrant was issued and together with the verdict of the coroner's jury was filed in the municipal court of Two Harbors. Thereafter, while defendant was still in the hospital, defendant's family requested the county attorney to arrange to have him removed to his home rather than to the county jail. Agreeable to this request, the county attorney, municipal judge, and the sheriff went to the hospital in which defendant was confined. Defendant had told them that he did not want to be taken to jail when released from the hospital and that he desired to give bail for his appearance in district court. Bail was then arranged in district court and the bail bond signed and filed.

When defendant was released from the hospital, he was brought into municipal court to answer to an information which had been filed there by the county attorney. At that time he entered a plea of not guilty, waived examination, and was formally bound over to the district court by order of the municipal court.

On December 4, 1935, when defendant was arraigned in district court, he stood mute, and the required plea of not guilty was entered for him.

Defendant was thereafter tried for manslaughter in the second degree, and the jury returned a verdict of guilty as charged in the information. Defendant moved to set aside the verdict and dismiss the information or for a new trial. The motion was denied and judgment entered. This is an appeal from the judgment.

Four questions are presented:

(1) Did the district court have jurisdiction to proceed on the information?

(2) Was there prejudicial error in the admission of evidence?

(3) Was defendant deprived of a fair trial because of remarks made to the jury by the county attorney?

(4) Did the court err in refusing certain instructions requested by the defendant?

■ 2 Mason Minn. St. 1927, § 10577, provides:

"Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witnesses who shall appear before him, reduce the complaint to writing, and cause it to be subscribed by the complainant."

2 Mason Minn. St. 1927, § 10666, provides:

"No information shall be filed against any person for any offense, until such person shall have had a preliminary examination as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such preliminary examination."

Defendant contends that the district court did not have jurisdiction to try him on the information because no complaint had been filed and no preliminary examination held. We cannot agree.

Under 1 Mason Minn. St. 1927, § 955, a coroner has the power to issue process for apprehension. In compliance with this statute the county coroner here issued a warrant for defendant's arrest and

filed it, together with the jury's verdict, in the municipal court of Two Harbors. This procedure clearly gave the municipal court jurisdiction over the defendant pursuant to the last named statute. It is true that the failure to file a formal complaint in the municipal court was a defect in procedure. However, under the circumstances of this case, we do not deem such defect fatal to the validity of the proceedings which resulted in the conviction of the defendant.

Usually a criminal action is commenced by the filing of a complaint in a justice court or a municipal court or by an indictment found by a grand jury. Once a complaint is filed, a warrant is issued by the court. The defendant is then arrested and brought before the court, which then, except in certain cases, must hold a preliminary examination unless the defendant waives such examination.

In our opinion, the conduct of the defendant was such as to amount to a waiver of any objection he had to the jurisdiction of the district court. It is unnecessary to decide whether defendant's actions while in the hospital or whether what transpired in the municipal court amounted to sufficient waiver. When arraigned in district court, he stood mute, and the plea of not guilty was entered for him. An objection was made to the jurisdiction of the court to try the case on the information filed therein, but the court's attention was not called to the fact that the defendant had been given no preliminary examination. On the contrary, the trial judge was led to believe that the objection to jurisdiction was a matter not connected in any way with the failure to file a complaint or to have a preliminary examination. If the defendant wished to avail himself of these objections to the court's jurisdiction, he should have directed the attention of the court to these matters, in which case, as stated by the trial court in his memorandum: "If it were deemed necessary, a complaint could have been filed against him in the municipal court and a preliminary examination had." His failure to direct the court's attention to the particular question must be deemed to be a waiver of objection to jurisdiction on those grounds, and defendant cannot now be heard urging error which could and most assuredly would have been cor-

rected if defendant had been timely in calling it to the trial court's attention.

That one accused of a crime who fails to make timely objection to irregularities in preliminary matters or procedure is deemed to have waived such objections is the view of the majority of courts that have passed on the question. Washburn v. People, 10 Mich. 372; Faull v. State, 178 Wis. 66, 189 N. W. 274; State v. Dooms, 280 Mo. 84, 217 S. W. 43. Matters such as a preliminary examination and filing of a complaint in a case such as this are preliminary matters of procedure within this rule and cannot be seized upon as grounds for setting aside a verdict where they are not called to the attention of the court until after the jury's verdict has been returned.

■ It is defendant's contention that he was deprived of a fair trial because the district court allowed the state to introduce into evidence a partially filled bottle of whisky found upon the running board of his car at the time of the accident. The contention is not tenable. The information on which defendant was tried alleged, among other things, that defendant was driving while under the influence of liquor. The bottle found on defendant's car from where it had fallen from the inside of the car was introduced as evidence in support of the state's claim that the defendant was intoxicated. Later it appeared that there was no other credible evidence to support this claim, and on defendant's motion the bottle was stricken as evidence and the jury was instructed in the language requested by the defendant's counsel that the issue in question was out of the case and that they should not be influenced by the receipt in evidence of the exhibit. It is the opinion of the court, considering the failure of the state to connect this bottle with any symptoms of intoxication on the part of the defendant, and the trial court's clear statement to the jury that it had no connection with the case, that it is not likely that its admission had any prejudicial effect upon the jury so as to deprive defendant of a fair trial; and we cannot disturb the jury's verdict on that ground.

■ The same is true of the claim of the prejudicial effect of certain remarks made to the jury by the county attorney in his argument. Quite improperly the county attorney stated to the jury:

"You people have a problem to decide other than the question of the guilt or innocence of this defendant, and that is this: 'Are you going to indorse a policeman like McMains, or are you going to back up the officers that are trying to enforce the law?'"

Of course the matter of whether the jury was to approve of good or bad policemen or pass on the conduct of any particular officer was wholly irrelevant and should not have been mentioned by the county attorney. However, on objection by defendant's counsel, this argument was stopped by the court, and the court stated in the hearing of the jury that it was immaterial and should be disregarded by the jury. It is quite unlikely that it prejudiced defendant's cause in any way.

There is no merit to defendant's contention that he was entitled to an instruction to the effect that if it was impracticable for him to drive upon the right half of the highway it was not necessarily negligence for him to straddle the center line of the highway. A careful examination of the record reveals that the case was wholly devoid of evidence to warrant such an instruction, and therefore there was no error in refusing to give it.

The judgment is affirmed.