STATE, Respondent, v. MEE, Appellant

(292 N. W. 875.)

(File No. 8305. Opinion filed June 21, 1940.)

Rehearing Granted September 21, 1940.

(See 67 S. D. 589, 297 N. W. 40.)

336

**Leo A. Temmey,** Atty. Gen., and **R. C. Riter,** Asst. Atty. Gen., for Plaintiff-respondent.

**Everett A. Bogue,** of Parker, for Defendant-appellant.

POLLEY, J.  The defendant in this action was prosecuted in the County Court of Lincoln County, upon a complaint charging him with operating a motor vehicle on the public highways of Lincoln County while he was in an intoxicated condition.  He was arrested late in the evening of the 23rd day of May, 1939, or early in the following morning and confined in the county jail.  On the afternoon of May 24 he sent a request to the state's attorney asking him to call on defendant at his cell in the jail. The deputy state's attorney of the county responded to this request and on his arrival at the defendant's cell some conversation took place between them relative to the probable punishment that would be imposed upon defendant in case he should plead guilty to the offense charged in the complaint.  He was informed by said attorney that such punishment was a matter to be determined by the county judge.  After some further conversation said attorney promised to go to the county judge and find out from him if defendant could have a sen-

tence of fine and costs only; the idea being to avoid the publicity of a trial and the imposition of a jail sentence if convicted. Said attorney departed from defendant's cell and went to the office of the county judge. What took place between the county judge and said attorney is not disclosed by the record, but within a very few minutes after said attorney went to the county judge's office, a deputy sheriff came to defendant's cell and took him to the court room of the county court. Defendant's legal and constitutional rights, including his right to counsel and his right to a preliminary examination, were explained to him. He was then asked if he was ready to plead to the charge against him, to which he replied in the affirmative and that he was guilty. The court thereupon pronounced sentence upon him, imposing a fine of $100 and costs, and thirty days in jail. Defendant claiming to be surprised by the severity of the sentence asked leave to withdraw his plea of guilty and substitute a plea of not guilty. Defendant claimed that when he pleaded guilty he was acting under the belief that the deputy state's attorney had made an arrangement with the judge whereby if defendant pleaded guilty he would be sentenced to pay a fine and costs only. The court refused to permit defendant to withdraw his said plea of guilty, and defendant appeals from the judgment.

■■ SDC 34.3522 authorizes the court at any time before judgment, in case of a plea of guilty, to permit said plea to be withdrawn and a plea of "not guilty" to be substituted. Defendant does not claim the above statute is mandatory but discretionary only, and contends that the court abused such discretion in denying defendant's request and that because of such abuse defendant is entitled to a new trial. We are not able to agree with this contention. Whether the state's attorney asked the judge to limit his sentence to a fine and costs only we do not know, but certainly there is nothing in the record that indicates that defendant received any promise of immunity or any intimation from the court that if he would plead guilty the court would not include a jail sentence in the judgment. As a matter of fact the only reason why defendant wished to withdraw his plea

of guilty and substitute a plea of not guilty was because he was dissatisfied with the judgment. The statute above quoted is not mandatory but discretionary with the court (State v. Walters, 48 S. D. 322, 204 N. W. 171), and dissatisfaction with a judgment of the court is not a sufficient reason for permitting the withdrawal of a plea of guilty and substituting a plea of not guilty. State v. McDonnell, 165 Minn. 423, 206 N. W. 952; State v. Hastings, 54 N. D. 871, 211 N. W. 813. We find no error in the refusal of defendant's request.

The Walters case above cited was reversed because defendant was not permtited to withdraw his plea of guilty, and enter a plea of not guilty, but it is not authority in this case because Walters was induced to plead guilty by a promise of practical immunity if he would so plead.

■■ Appellant next contends that Chapter 251, Laws 1929, under which the complaint against appellant is drawn, is void because the title thereof does not comply with Section 21, Art. 3, of the State Constitution. Chapter 251, Laws 1929, is a so-called Uniform Law, divided into 7 titles, containing 72 sections, and a number of subsections; and covers 24 printed pages of the Session Laws of 1929. It purports to be a complete summary or codification of the laws relating to the operation of motor vehicles upon the highways of this and other states where said law has been adopted. The title of the act so far as this case is concerned reads: "An Act Regulating the Operation of Vehicles on Highways * * *."

Section 2 of said Act (SDC 44.0302) reads as follows: "It shall be unlawful and punishable as provided in Section 63 of this act for any person * * * who is under the influence of intoxicating liquor * * * to drive any vehicle upon any highway within this state."

And Section 63 of said Act (SDC 44.9922), provides that: (a) "Whoever operates or attempts to operate a motor vehicle on public highways in this state, while in an intoxicated condition, * * * shall be deemed guilty of a misdemeanor, * * * and upon conviction thereof shall be punished * * *."

Appellant claims that Chapter 251, Laws 1929, does not comply with the requirements of the above provision of the Constitution, in that, the title indicates that the act is regulatory only, while the act itself is prohibitory; that from a reading of the title a person would not be advised that the act prohibited the use of the public highways with a motor vehicle by a person while in an intoxicated condition. The law does not purport to be prohibitory, nor does it directly prohibit any act. What it does is to provide a penalty for the attempted operation of a motor vehicle on the highways of the state by a person while in an intoxicated condition. This is within the meaning of "regulation," and is fully covered by the title.

All presumptions are in favor of the constitutionality of a legislative act.

" 'And it is only when made to appear clearly, palpably, and plainly, and in such a manner as to leave no reasonable doubt or hesitation in our minds, that a statute violates some provision of the Constitution, that we can consistently declare it void.' * * * Sinking Fund Cases, [Union P. R. Co. v. United States] 99 U. S. [700] 718, 25 L. Ed. 496." Mcpherson v. State, 174 Ind. 60, 90 N. E. 610, 611, 31 L. R. A., N. S., 188; and in Clark Implement Company v. Wadden, 34 S. D. 550, 149 N. W. 424, L. R. A. 1915C, 414, this court announced the rule to be that a statute should be so construed as to make it constitutional if it could reasonably be done. We believe the title of Chapter 251, Laws 1929, is broad enough to cover the provisions of the law involved in this case and that said chapter is constitutional.

■■ Appellant questions the jurisdiction of the county court to act in this case for the reason that no information had been filed and that appellant had been given no preliminary examination. It is conceded that neither of these steps had been taken, but this did not affect the jurisdiction of the court over the act charged in this case.

SDC 34.3401 provides: "Prosecution in such county courts as have jurisdiction of criminal actions, in cases triable in a justice court as prescribed in chapter 32.09 shall be upon complaint. All other prosecutions of which such

courts have jurisdiction shall be prosecuted therein upon information after a preliminary examination and, except as otherwise specially provided, shall be governed by the provisions of this title relating to criminal prosecutions in the Circuit Court."

Lincoln County has a population of over 10,000 people and under the provisions of SDC 32.0907 the county court of that county has jurisdiction in all cases of misdemeanor committed or triable in the county.

It will be noted that in cases triable in a justice court the trial may be upon complaint, but because the penalty that may be imposed by the county court for misdemeanors under this statute is greater than may be imposed by a justice court, this case could not be tried on a complaint but on information only, unless it can be held that by entering a plea to the complaint defendant waived the filing of an information.

The right to a preliminary examination is a mere privilege of the accused that may be waived by him and when the defendant voluntarily stated to the county court that he was guilty, he waived the right to a preliminary examination and the filing of an information. People v. Harris, 266 Mich. 317, 253 N. W. 312; State v. Trow, 49 S. D. 485, 207 N. W. 466; State v. Calkins, 21 S. D. 24, 109 N. W. 515; State v. Hart, 30 N. D. 368, 152 N. W. 672; People v. Sanford, 233 Mich. 112, 206 N. W. 370; Greenough v. State of Nebraska, 136 Neb. 20, 284 N. W. 740; State v. Boehm, 68 N. D. 340, 279 N. W. 824; 116 A. L. R. 547; 16 C. J. pp. 345, 346; 14 Am. Jur. p. 936. And where the defendant pleads guilty to the complaint without waiting for the filing of an information, such information is waived. State v. Puent, 198 Minn. 175, 269 N. W. 372; Latimer v. State, 55 Neb. 609, 76 N. W. 207, 70 Am. St. Rep. 403.

In the Puent case, supra, it is said [198 Minn. 175, 269 N. W. 374]: "That one accused of a crime who fails to make timely objection to irregularities in preliminary matters or procedure is deemed to have waived such objections is the view of the majority of courts that have passed on the question. Washburn v. People, 10 Mich. 372; Faull

v. State, 178 Wis. 66, 189 N. W. 274; State v. Dooms, 280 Mo. 84, 217 S. W. 43. Matters, such as a preliminary examination and filing of a complaint in a case such as this, are preliminary matters of procedure within this rule and cannot be seized upon as grounds for setting aside a verdict, where they are not called to the attention of the court until after the jury's verdict has been returned."

We believe the county court kept within its jurisdiction, and that no error was committed by that court.

The judgment appealed from is affirmed.

All the Judges concur.