STATE, Respondent, v. MEE, Appellant

(297 N. W. 40.)

(File No. 8305.   Opinion filed March 18, 1941.)

For original opinion, see 67 S. D. 335, 292 N. W. 875.

**Leo A. Temmey,** Atty. Gen., and **R. C. Riter,** Asst. Atty. Gen., for Plaintiff-Respondent.

**Everett A. Bogue,** of Vermillion, for Defendant-Appellant.

POLLEY, P.J.   ██   This appeal is here on rehearing; the opinion of the court is reported in 67 S. D. 335, 292 N. W. 875.   In his petition for rehearing counsel for appellant contends that the court did not consider the jurisdictional question contained in SDC 34.3401.   This section of the Code reads as follows:   "Prosecution in such county courts as have jurisdiction of criminal actions, in cases triable in a justice court as prescribed in chapter 32.09 shall be upon complaint. All other prosecutions of which such courts have

jurisdiction shall be prosecuted therein upon information after a preliminary examination and, except as otherwise specially provided, shall be governed by the provisions of this title relating to criminal prosecutions in the Circuit Court."

The offense with which appellant is charged is created by, and the punishment therefor is fixed by SDC 44.9922. The offense is designated as a misdemeanor and is punishable by a fine of not less than $50 nor more than $300, or by imprisonment in the county jail not exceeding one year or by both such fine and imprisonment.

SDC 34.3401 takes note of the fact that the jurisdiction of the County Court, either civil or criminal, is not the same in all the counties of the state; the difference being based on population. By the provisions of SDC 32.0907, "* * * the county court of each county having a population of ten thousand or over * * * shall have original jurisdiction of all civil actions in the class of cases cognizable by justices of the peace courts where the debt, damage, claim, or value of the property involved does not exceed one thousand dollars, and in all cases of misdemeanor committed or triable in the county. * * *"

And by SDC 32.0911, "The county court, of each county having a population of ten thousand or over, shall have original and appellate jurisdiction in all cases of misdemeanor, committed or triable in the county. The county court, of each county having a population of under ten thousand, shall have original jurisdiction in all cases of misdemeanor, committed or triable in the county. * * *"

The extreme punishment that can be imposed by a justice of the peace in any cases is: "* * * a fine not exceeding one hundred dollars, or imprisonment in the county jail for a period not exceeding thirty days, or both such fine and imprisonment. * * *" SDC 32.0922.

Therefore, since the offense involved in this case is beyond the jurisdiction of a justice of the peace, under the provisions of SDC 34.3401, this case must be prosecuted on information, as the same is defined by SDC 34.1502.

We assume that a complaint, such as is defined in SDC 34.1501, has been filed, and we assume that preliminary examination was waived, but it is conceded that no information was ever filed. The result is that from this point on the county court was without jurisdiction to proceed further in the case until the state's attorney had filed an information.

█ It is contended by respondent that by the failure on the part of the appellant to object to further proceedings by the county judge because no information had been filed, he is now estopped from objecting to the jurisdiction of the court but jurisdiction of the subject matter cannot be acquired by estoppel. The court was without jurisdiction to pronounce judgment and such judgment is wholly void and without any force or effect whatever.

The judgment appealed from is reversed.

WARREN and RUDOLPH, JJ., concur.

ROBERTS and SMITH, JJ., concur in result.