CHARLES HARRIS, JR., v. THE STATE OF DELAWARE.

*(June* 1, 1951.)

CAREY, J., sitting.

*Edmund N. Carpenter* (of Richards, Layton and Finger) for appellant.

*John Metten* for the State.

Superior Court for New Castle County, No. 42, September Term, 1950.

CAREY, J.:

 The record of the Court below plainly shows that the conviction was not based upon the information actually filed therein but was based upon a different charge verbally entered by the Court. An information, as the word is used in the Family Court Act, is a formal accusation of crime, differing from an indictment only in that it is presented by a prosecuting officer instead of a grand jury. *U. S. v. Borger*, (*C. C.*) 7 *F.* 193; *State v. Barrell*, 75 *Vt.* 202, 54 *A.* 183. Only by information may prosecutions be carried on in that Court. Certainly, a charge entered by the Court itself is not an information nor can it take the place of one.

 In this case, there was no information whatever upon which to base a finding of guilt for a violation of Code Section 3527. To give a Court jurisdiction over a criminal case, there must be a formal accusation in the particular mode or form prescribed by constitution or statute. 42 *C. J. S., Indictments and Informations*, § 1, *p.* 833; 27 *Am. Jur.* 384. We are not here concerned with the type of case where a person charged with a crime may be convicted of a lesser crime included in the greater offense; indeed, no attempt is made to justify the judgment upon that theory. The State's sole argument is that appellant, by pleading and going to trial on the merits, waived the filing of an information charging violation of Code Section 3527. This argument necessarily assumes that the requirement of a formal accusation as prescribed by statute involves only jurisdiction of the person. That assumption is inherent in the contention because it is everywhere held that jurisdiction over subject matter or cause of action cannot be conferred upon a Court by consent or waiver, but may be questioned at any stage of the proceedings. In my opinion, the assumption is incorrect. Notwithstanding a contrary expression in some few instances, 61 *A. L. R.* 802, the better reasoning is that, in the absence of a formal accusation of the required type, there is nothing before the Court for it to act upon and, in such event, the Court acquires

no jurisdiction over the case itself. *Albrecht v. U. S.*, 273 *U. S.* 1, 47 *S. Ct.* 250, 71 *L. Ed.* 505; *State v. McKinley*, 341 *Mo.* 1186, 111 *S. W.* 2d 115; *Davis v. State*, 150 *Tex. Cr. R.* 463, 202 *S. W.* 2d 943; *Kyser v. State*, 22 *Ala. App.* 431, 117 *So.* 157; *State v. Mee*, 67 *S. D.* 335, 297 *N. W.* 40.

The Court below had no jurisdiction to try this appellant upon the charge of non-support. Discussion of the other questions raised by counsel would be superfluous. Appellant's motion must be granted for the reason given. .