Ronald Lee HONOMICHL, Defendant
and Appellant,

v.

STATE of South Dakota, Plaintiff
and Appellee.

No. 13918.

Supreme Court of South Dakota.

Argued Feb. 16, 1983.

Decided April 20, 1983.

Rehearing Denied May 18, 1983.

Paul D. Stickney, Sioux Falls, for defendant and appellant.

Douglas Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen. and Judith A. Atkinson, Asst. Atty. Gen., Pierre, on brief.

HENDERSON, Justice.

## PROCEDURAL HISTORY/FACTS

This post-conviction relief proceeding stems from complaints issued against appellant on May 7, 1981, May 8, 1981, and September 23, 1981, in Minnehaha County, South Dakota, for driving while intoxicated (DWI) in violation of SDCL 32–23–1(2). Appellant, without representation by counsel, entered guilty pleas in magistrate court to the May DWI charges which resulted in his conviction and sentence on each charge of a one hundred twenty-five dollar fine plus thirty days incarceration, with the latter suspended on the condition that appellant: 1) pay his fines; 2) attend DWI school; 3) have no violation of his work

permit; 4) cooperate with the South Dakota Safety Council for six months; and 5) have no alcohol-related driving offense for one year. Appellant failed to meet his fine obligations; thus, bench warrants were issued for his arrest.

Appellant's September DWI was chargeable as a Class 6 felony due to his two previous May DWI convictions. On November 30, 1981, appellant filed with the magistrate court a motion to vacate and set aside the May DWI convictions. Appellant's motion correctly asserted that informations were not filed by the State on either offense. Undisputed facts include: 1) appellant's guilty pleas were entered after being fully advised of his rights, including the right to a preliminary hearing; 2) duly verified complaints were filed for each offense; 3) the guilty pleas were entered voluntarily; and 4) appellant did not request a preliminary hearing. After a hearing, appellant's motion was denied on January 11, 1982. Appellant appealed the magistrate's ruling to the circuit court and by stipulation his action was set as one for post-conviction relief pursuant to SDCL 23A–34–1. After briefing and oral argument, appellant's post-conviction relief was denied on July 29, 1982. Findings of fact and conclusions of law were entered. The court found that informations had not been filed and then concluded it had subject matter jurisdiction. Appellant filed an application for issuance of certificate of probable cause, and a certificate was issued on August 6, 1982. Appellant's motion and order authorizing appeal was filed on September 2, 1982. We reverse and remand.

## ISSUE

DID THE FAILURE OF THE STATE TO FILE AN INFORMATION LEAVE THE MAGISTRATE COURT WITHOUT SUBJECT MATTER JURISDICTION TO CONVICT AND SENTENCE APPELLANT?

## DECISION

■ Most of the substantive law applicable to this post-conviction proceeding is without dispute. Both parties agree that a court must have personal and subject matter jurisdiction before it may act on a criminal charge. Our South Dakota Constitution in Art. VI, § 10 provides: ·

No person shall be held for a criminal offense unless on the presentment or indictment of a grand jury, *or information of the public prosecutor,* except in cases of impeachment, in cases cognizable by county courts, by justices of the peace, and in cases arising in the army and navy, or in the militia when in actual service in time of war or public danger: provided, that the grand jury may be modified or abolished by law. (Emphasis added.)

Appellant's May DWI convictions for violating SDCL 32–23–1 were Class 1 misdemeanors. Therefore, informations were required pursuant to SDCL 23A–6–1 which, in relevant portion, provides:

Every public offense must be prosecuted by an indictment or by an information signed by a prosecuting attorney . . . .[1]

■ Without a formal and sufficient indictment or information, a court does not acquire subject matter jurisdiction and thus an accused may not be punished for a crime. *Albrecht v. United States,* 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927). This Court has likewise emphasized the necessity of an information in a previous DWI case, *State v. Mee,* 67 S.D. 335, 292 N.W. 875 (1940), *rev'd on rehearing,* 67 S.D. 589, 591, 297 N.W. 40, 41 (1941), wherein an information was not filed and on rehearing we held:

The result is that from this point on the county court was without jurisdiction to proceed further in the case until the state's attorney had filed an information.

It is contended by respondent that by the failure on the part of the appellant to object to further proceedings by the county judge because no information had been filed, he is now estopped from objecting to the jurisdiction of the court but

1. Four exceptions to this rule, which are not relevant here, are set forth in SDCL 23A–6–1.

jurisdiction of the subject matter.cannot be acquired by estoppel. The court was without jurisdiction to pronounce judgment and such judgment is wholly void and without any force or effect whatever. *See Harris v. State,* 46 Del. 111, 82 A.2d 387 (1951). *Accord, Ex parte McClusky,* 40 F. 71 (C.C.D.Ark.1889). Our conclusion is that an information is a vital substantive document rather than a mere technicality.

We note that the parties stipulated:

There are allegations in the original Motion of violations of the State Constitution and that the court was without jurisdiction to impose sentence, both of which fit within the grounds for post-conviction relief. SDCL 23A–34–1(1) and (2)

2. Counsel for each party therefore stipulate that this matter, shall be considered a petition for post-conviction relief.

We hold that this action is properly before us as one of post-conviction relief under SDCL 23A–34–1(1) and (2). Appellant offered proposed findings of fact and conclusions of law and objected to the findings and conclusions adopted by the circuit court.

Appellee would have us invoke *State v. Heumiller,* 317 N.W.2d 126 (S.D.1982), and hold that any constitutional error herein was harmless. We are not so inclined. Appellant is charged with a Class 6 felony. Absent the May DWI convictions, he would be charged with a misdemeanor. We are unwilling to conjure a legal conclusion, based on surmise and speculation, that filing informations would not have changed appellant's plea or the result.

Appellant was not represented by counsel during the May convictions. *See generally, Nachtigall v. Erickson,* 85 S.D. 122, 178 N.W.2d 198 (1970); *State v. Brech,* 84 S.D. 177, 169 N.W.2d 242 (1969); *State v. Sewell,* 69 S.D. 494, 12 N.W.2d 198 (1943) (setting forth the heightened standard for pleas taken from defendants without counsel).

 Our standard of review in post-conviction proceedings is to hold that the findings of fact, conclusions of law, and order of the court hearing the petition are dispositive unless clearly erroneous. *Gregory v. State,* 325 N.W.2d 297 (S.D.1982). Subject matter jurisdiction cannot be conferred by agreement, consent, or waiver. *State v. Higgins,* 145 N.W.2d 478 (N.D. 1966); *see also, State v. Cochrun,* 328 N.W.2d 271 (S.D.1983). A reviewing court is required to consider the issue of subject matter jurisdiction even where it was not raised below in order to avoid an unwarranted exercise of judicial authority. *State v. Wiese,* 201 N.W.2d 734 (Iowa 1972). As we held in *Mee,* 292 N.W. 875, subject matter jurisdiction cannot be acquired by estoppel. Therefore, the circuit court's findings of fact do not support its conclusions of law and the court erred as a matter of law in its decision on subject matter jurisdiction.

We therefore reverse and remand with directions to remove appellant's May DWI convictions since the magistrate court was without subject matter jurisdiction.

FOSHEIM, C.J., and MORGAN, J., concur.

WOLLMAN and DUNN, JJ., dissent.

WOLLMAN, Justice (dissenting).

On the basis of the sparse record before us, I would affirm the order denying the petition for post-conviction relief.

Although it may be true that subject matter jurisdiction cannot be conferred by agreement, consent, or waiver, it is important to distinguish between subject matter jurisdiction in terms of a court's authority to adjudicate certain classes of cases and a court's jurisdiction over a particular offense and a particular defendant. As stated by the Supreme Court of New Jersey, "to sustain [a] conviction ... it must appear affirmatively that the offense is within the ambit of [the] court's delegated authority. Jurisdiction over a crime not within the boundaries cannot be conferred by consent of the persons involved—as by waiver of indictment and trial by jury." *State v. Monroe,* 30 N.J. 160, 152 A.2d 362, 364 (1959). "Criminal jurisdiction of the subject matter is a power of a court to inquire into

the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law." *Pillsbury v. State,* 31 Wis.2d 87, 142 N.W.2d 187, 191 (1966): "In a criminal prosecution it is necessary that the trial court have jurisdiction of the subject matter—that is, the offense—as well as the person of the defendant. Jurisdiction of the subject matter is derived from the law." *State v. Rigg,* 258 Minn. 388, 104 N.W.2d 553, 554 (1960). *See also State v. Tickle,* 238 N.C. 206, 77 S.E.2d 632 (1953); 22 C.J.S. *Criminal Law,* § 107 (1961).

Had the court in *State v. Mee,* 67 S.D. 589, 297 N.W. 40 (1941), kept this distinction in mind, it may well have adhered to its original opinion, which held that defendant had waived the filing of an information by his plea of guilty. If the Fifth Amendment's guarantee of the right to a grand jury presentment or indictment as a condition precedent to criminal liability in the federal courts is a personal privilege that may be waived by a defendant, *Barkman v. Sanford,* 162 F.2d 592 (5th Cir.1947), *cert. denied,* 332 U.S. 816, 68 S.Ct. 155, 92 L.Ed. 393 (1947), why may it not be held that the alternative charging document provided by Art. VI, § 10 of the South Dakota Constitution is a personal privilege that may also be waived? The purpose of an indictment or information is to satisfy the requirements of Art. VI, § 7, of our Constitution by apprising a defendant of the nature of the charges against him with sufficient specificity so that he may defend against the charges and may later plead the indictment or information as a bar to a subsequent charge. *State v. Belt,* 79 S.D. 324, 111 N.W.2d 588 (1961); *State v. Sinnott,* 72 S.D. 100, 30 N.W.2d 455 (1947). As the majority opinion points out, it is undisputed that appellant's guilty pleas were entered after he was fully advised of his rights. In addition, duly verified complaints were filed for each offense, the guilty pleas were entered voluntarily, and appellant did not request a preliminary hearing on the charges. In effect, then, the verified complaints served in lieu of the informations that should have been filed. In the absence of evidence to that effect, I am unwilling to assume that appellant's pleas would have been different had formal informations been filed.

I would affirm the order appealed from.

I am authorized to state that Justice DUNN joins in this dissent.