STATE of South Dakota, Plaintiff and Appellee,

v.

Larry Dale GOODMAN, Defendant and Appellant.

No. 14895.

Supreme Court of South Dakota.

Argued Jan. 13, 1986.
Decided March 26, 1986.
Rehearing Denied May 1, 1986.

Thomas Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steven K. Rabuck, of Andera, Rabuck & Smith, Chamberlain, for defendant and appellant.

MILLER, Circuit Judge.

Appellant Larry D. Goodman was convicted of the crime of cruelly punishing a minor, SDCL 26–10–1, and was sentenced to three years in the state penitentiary. We affirm.

### FACTS

Appellant occupied a home in Chamberlain, South Dakota, with his girlfriend, Denise Gayken, his eleven-year-old son, Guthrie, and Ms. Gayken's two minor children.

On the night of the offense appellant had been drinking. He had a heated argument with Ms. Gayken about his drinking and statements Guthrie had made expressing a desire to live with his natural mother. Appellant became enraged with Guthrie and punished the child by punching him in the face, knocking him to the floor, and kicking him. Appellant also threatened Guthrie and Ms. Gayken with a homemade knife.

Appellant ordered Guthrie out of the home. Ms. Gayken took all of the minor children to the home of appellant's mother in Chamberlain. Ms. Gayken took a photograph of Guthrie to show appellant the injuries he had caused.

Guthrie began living with his maternal grandmother in Chamberlain. About a month later his natural mother learned of the alleged abuse and reported it to the Brule County Sheriff, who began the investigation which led to appellant's indictment, arrest, and conviction.

In the meantime, appellant and Ms. Gayken reconciled. Immediately following appellant's indictment and arrest law enforcement authorities interviewed Ms. Gayken and asked her about the photograph taken of Guthrie on the night of the beating. A law enforcement officer drove her to the home she occupied with appellant. She entered it alone and retrieved the negative of the photograph of Guthrie. (Apparently the first photograph which had been made from the negative was in the possession of appellant's mother.)

### DECISION

#### I.

WHETHER AN INDICTMENT SHOULD BE DISMISSED WHEN IT WAS RETURNED IN OPEN COURT BY THE FOREMAN OF THE GRAND JURY, OUT OF THE PRESENCE OF THE OTHER GRAND JURORS? WE HOLD THAT IT NEED NOT BE DISMISSED.

On August 13, 1984, a Brule County grand jury made an indictment, in proper form, charging appellant with "child

abuse" (SDCL 26–10–1). The indictment was endorsed "A True Bill" and, on its face, indicated that it had been made with the concurrence of at least six grand jurors. The indictment was presented in open court to Circuit Judge Boyd L. McMurchie by the foreman of the grand jury. The other grand jurors were not present and their absence is not explained. The state's attorney, deputy state's attorney, and appellant's counsel, however, were present.

Prior to trial, appellant filed a motion to dismiss claiming that the indictment had not been properly returned by the grand jury because "[a]n indictment shall be returned by the grand jury to a circuit judge in open court, endorsed as a true bill." SDCL 23A–5–18. Appellant argues that this language clearly requires an indictment to be presented in open court by the entire grand jury, not merely the foreman. Citing *Honomichl v. State*, 333 N.W.2d 797 (S.D.1983), appellant argues that the circuit court did not acquire subject matter jurisdiction because of this irregularity in presenting the indictment. In *Honomichl, supra*, we held that a court does not acquire subject matter jurisdiction unless there is a "formal and sufficient indictment or information." 333 N.W.2d at 798.

Appellant, however, has not raised the question of sufficiency of the indictment. Rather, he focuses on the claimed irregularities and the formalities involved in presenting the indictment in open court. Appellant's jurisdictional argument is based upon his construction of the "returned by the grand jury" language in SDCL 23A–5–18. This court has never addressed this issue. It does appear that there is a split of authority. 41 Am.Jur.2d *Indictments and Information* § 22. Some states have statutes which give specific guidance.

■ It is well established that this court's main objective in construing statutes is to ascertain and give effect to the intention of the legislature. ·*See* SDCL 2–

14–12; *Western Surety Co. v. Mydland*, 85 S.D. 172, 179 N.W.2d 3 (1970); *State v. Dove*, 75 S.D. 460, 67 N.W.2d 917 (1955); *State v. Douglas*, 70 S.D. 203, 16 N.W.2d 489 (1944). Although we discourage the practice utilized here,[1] we conclude that the plain language of the statute does not specifically require that all members of the grand jury be present at the time its foreman presents indictments. Therefore, the trial court correctly refused to dismiss the indictment.

■ In cases where grand jury members are not present with their foreman at the time of the proceedings before a circuit judge, the court has the greater burden of examining the foreman to be assured that the formalities were complied with. The court must ascertain and place on record the number of grand jurors participating in the inquiry, whether a sufficient number concurred in each indictment, and whether the names of the witnesses examined were properly endorsed on the indictment. Judge McMurchie met this requirement.

II.

WHETHER THE INDICTMENT SHOULD BE DISMISSED WHEN THE CRIMINAL OFFENSE ALLEGED IS SPECIFICALLY EXCLUDED FROM THE APPLICATION OF THE STATUTORY RULES OF CRIMINAL PROCEDURE? WE HOLD THAT IT NEED ·NOT BE DISMISSED.

■ SDCL ch. 26–10 is entitled "Offenses By and Against Minors." Appellant was charged and convicted of violating SDCL 26–10–1. SDCL Title 23A establishes the South Dakota rules of procedure in criminal cases. SDCL 23A–1–1 provides: "This title shall govern the procedure to be used in the courts of this state in all criminal proceedings and in all proceedings for violations of ordinances and bylaws of

---

**1.** Judge McMurchie did admonish the state's attorney that in future cases he would prefer that the entire grand jury be present at the time the indictments are presented.

units of local government of this state."[2] SDCL 23A-1-2, relating to the purposes and construction of the title, states: "This title is intended to provide for the just determination of every criminal proceeding. It shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay."

Irrespective of the language set forth above, the legislature specifically excluded SDCL ch. 26-10 from the application of SDCL Title 23A. SDCL 23A-45-7(11).[3] In his motion to dismiss, appellant argued that the trial court had no subject matter jurisdiction because of SDCL 23A-45-7(11). The trial court held that by virtue of SDCL 23A-45-7(11), SDCL Title 23A did not apply to a prosecution for a violation of SDCL ch. 26-10. The court concluded that SDCL 23A-45-13 was applicable. That statute reads: "If no procedure is specifically prescribed by statute or rule, a court may proceed in any lawful manner not inconsistent with this title or with any other applicable statute."

The trial court recognized the necessity to protect the constitutional rights of defendant. To properly guarantee those rights, and to provide an effective manner to try the case, the trial court concluded that the otherwise excluded provisions of SDCL Title 23A should be utilized and applied in this case pursuant to SDCL 23A-45-13.

Appellant correctly cites us to *Honomichl, supra,* for the proposition that absent a formal and sufficient indictment or information, courts are without subject matter jurisdiction for a crime. However, this case must be distinguished from *Honomichl* because neither an information nor an indictment had been filed in that case. *Ho-*

*nomichl* involved a prosecution for DWI under a complaint.

The South Dakota Constitution, Article VI, Section 10 states that no person may be prosecuted for a criminal offense "unless on the presentment or indictment of a grand jury, or information of the public prosecutor." The Constitution allows the legislature to adopt and implement procedural rules in criminal prosecutions. Therefore, absent a showing of a violation of his constitutional due process rights, any claimed irregularities raised by appellant relate only to possible statutory infringements.

The legislature, in enacting SDCL 26-10-1, has denominated cruel conduct against children as a felony. The underlying conduct, allegedly committed in violation of the substantive law establishes subject matter jurisdiction, not the procedural law. Appellant was charged under a formal and sufficient indictment. The trial court had subject matter jurisdiction to proceed and properly complied with SDCL 23A-45-13 by adopting procedural rules to protect appellant's rights and to provide an effective manner to try the case. Additionally, appellant did not show or establish that any of his due process rights were violated or that he has been in any way prejudiced by the procedures followed.

## III.

WHETHER THE TRIAL COURT ERRED IN REFUSING TO SUPPRESS THE PHOTOGRAPH NEGATIVE TAKEN FROM THE HOME BY APPELLANT'S GIRLFRIEND? WE HOLD THAT THE TRIAL COURT PROPERLY REFUSED TO SUPPRESS.

■ Prior to trial appellant moved to suppress a photograph made from the negative Ms. Gayken furnished to law enforce-

---

2. *See also* SDCL 23A-45-2, which reads: "This title applies to all criminal proceedings and to all proceedings for the violation of an ordinance, bylaw or police regulation of a unit of local government in this state before the circuit courts and the magistrate courts except in cases of those minor offenses triable under § 23A-4-2."

3. The 1985 legislature repealed subsection (11) of SDCL 23A-45-7 in a lengthy act entitled "An Act to correct minor errors and internal inconsistencies and to delete obsolete provisions in the South Dakota Codified Laws." 1985 S.D. Sess.Laws, ch. 15, § 35.

ment. Appellant contended that it was the product of an illegal search and seizure, that the search was warrantless, and that Ms. Gayken's consent was obtained through coercion. The trial court specifically found that there was no search and seizure and held that appellant lacked standing to challenge the search because he did not have a legitimate expectation of privacy.

We agree that there was no search and seizure. *State v. Cundy,* 86 S.D. 766, 201 N.W.2d 236 (1972), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973); *United States v. Coleman,* 628 F.2d 961 (6th Cir.1980). This is a case where a cotenant undertook to retrieve her property from her domicile and give it to the police. Whether she was coerced is irrelevant. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). The trial court properly refused to suppress the evidence.

### IV.

WHETHER THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY ON LESSER OFFENSE OF SIMPLE ASSAULT? WE HOLD THAT THE TRIAL COURT DID NOT ERR.

It is settled law that if requested a trial court must instruct the jury upon lesser included offenses to the offense charged if the evidence warrants a conviction upon the lesser included offense. In *State v. Waff,* 373 N.W.2d 18 (S.D.1985), we set forth the test that must be applied to determine whether an offense is necessarily included within a greater offense. The test has two parts, a legal test and a factual test. The three conditions of the legal test are:

[F]irst, the elements of the included offense must be fewer in number than the elements of the greater charged offense. Second, the penalty for the included offense must be less than the greater charged offense in terms of the maximum punishment attached to each offense. Third, ... the two offenses must contain common elements so that the lesser included offense must be such that the greater offense cannot be committed without also committing the lesser.

*Waff, supra,* 373 N.W.2d at 22, quoting *State v. Kafka,* 264 N.W.2d 702, 705 (S.D. 1978).

The factual test is:

Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error. (citations omitted) There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed.

*Waff, supra,* 373 N.W.2d at 22, quoting *People v. Karasek,* 63 Mich.App. 706, 234 N.W.2d 761 (1975).

Appellant was charged pursuant to SDCL 26–10–1: "Any person who abuses, exposes, tortures, torments or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony."

Under SDCL 22–18–1 a person is guilty of simple assault if he:

(1) Attempts to cause bodily injury to another, other than a law enforcement officer engaged in the performance of his duties, and has the actual ability to cause the injury;

(2) Recklessly causes bodily injury to another;

(3) Negligently causes bodily injury to another with a dangerous weapon;

(4) Attempts by physical menace to put another in fear of imminent serious bodily harm, with or without the actual ability to seriously harm the other person; or

(5) Intentionally causes bodily injury to another which does not result in serious bodily injury[.]

**682**

SDCL 22–18–1 must be read in conjunction with SDCL 22–18–5:

> To use or attempt or offer to use force or violence upon or toward the person of another is not unlawful when committed by a parent or the authorized agent of any parent, or by any guardian, teacher or other school official, in the exercise of a lawful authority to restrain or correct his child or ward; provided restraint or correction has been rendered necessary by the misconduct of such child or ward, or by his refusal to obey the lawful command of such parent, or authorized agent, guardian, teacher or other school official, and the force or violence used is reasonable in manner and moderate in degree.

■ Applying the tests of *Waff, supra,* we conclude that simple assault is not a lesser included offense of child abuse under SDCL 26–10–1. The offenses are complete, separate and distinct crimes. This does not mean, however, that a parent, under appropriate facts, may not be charged with committing a simple assault upon his child.

Affirmed.

FOSHEIM, C.J., HENDERSON, J., HERTZ, Circuit Judge, acting as a Supreme Court Justice, and HEEGE, Circuit Judge, concur.

MILLER, Circuit Judge, for MORGAN, J., disqualified.

HEEGE, Circuit Judge, for WUEST, J., disqualified.