STATE of South Dakota, Plaintiff
and Appellee,

v.

James R. ARGUELLO, Defendant
and Appellant.

No. 18387.

Supreme Court of South Dakota.

Considered on Briefs on Jan. 12, 1994.

Decided July 13, 1994.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

David J. Huss, Office of the Public Defender, Rapid City, for defendant and appellant.

WUEST, Justice.

James Arguello (Arguello) appeals his conviction and sentence for third offense driving while under the influence of alcohol (DUI).[1] We affirm.

## FACTS

Arguello was arrested for DUI on August 1, 1992. He was again arrested for DUI on October 16, 1992. The arraignment for both offenses was conducted before a law trained magistrate on December 4, 1992. During the arraignment, Arguello's attorney outlined the terms of a plea bargain. Arguello agreed to plead guilty to first offense DUI in both cases. State agreed to dismiss some additional charges and to concurrent sentencing in both cases.

After elocution of the plea bargain, the magistrate court called upon Arguello to plead to the August DUI offense. Arguello pled guilty and the magistrate court proceeded to lay a factual basis for acceptance of the plea. The following exchange then occurred:

THE COURT: Now, have you read and signed the statement of your rights?

[ARGUELLO]: Yes, I did.

THE COURT: And did you understand that?

[ARGUELLO]: Yes.

THE COURT: All right then, the Court will accept your plea then on File 468 [i.e., the August DUI].

After acceptance of Arguello's guilty plea, the following statement was made on the record by the deputy state's attorney prosecuting the case:

[STATE'S ATTORNEY]: State's filing an—Informations on both files, 1154 [i.e., the October DUI] and 468 [i.e., the August

---

1. For purposes of this decision, the acronym DUI refers to both the offenses of driving while under the influence of an alcoholic beverage (SDCL 32– 23–1(2)) and driving with 0.10 percent or more by weight of alcohol in the blood (SDCL 32–23– 1(1)).

DUI], and let the record reflect copies of those Informations have been provided to the defense counsel.

Arguello also pled guilty to the October DUI and the magistrate court sentenced him for both the August and October offenses. However, the Informations relating to the two cases were not date stamped by the clerk of courts until December 7, 1992.

On January 29, 1993, Arguello was once again arrested for DUI. On March 16, 1993, state filed an Information charging Arguello with one count of driving while under the influence of alcohol (SDCL 32–23–1(2)), an alternative count of driving while having 0.10 percent or more by weight of alcohol in his blood (SDCL 32–23–1(1) and one count of driving a motor vehicle while his privilege to do so was revoked (SDCL 32–12–65(1)). State also filed a Part II Information charging Arguello with third offense DUI (SDCL 32–23–4) based upon his August and October, 1992 DUI offenses.

On April 5, 1993, Arguello served a motion to strike the two prior DUI convictions from the Part II Information. Arguello argued that state's failure to file Informations in the two cases prior to his arraignment deprived the magistrate court of jurisdiction to accept his guilty pleas. As a result, Arguello contended that the two convictions were invalid and unavailable for purposes of supporting his conviction for third offense DUI. Arguello's motion to strike was denied on April 6, 1993.

On April 26, 1993, Arguello pled guilty to the principal offense of driving while having 0.10 percent or more by weight of alcohol in his blood (SDCL 32–23–1(1)). Arguello then pled not guilty to the Part II Information for third offense DUI. A trial to the court on the Part II Information followed. During trial, Arguello renewed his motion to strike the prior conviction relating to his August, 1992 DUI offense. The motion was again denied and the trial court found that Arguello's convictions for DUI in August and October, 1992 were, "proper for enhancement purposes." Based on those prior convictions, the trial court found Arguello guilty of third offense DUI. A judgment and sentence were entered accordingly and this appeal followed.

## ISSUE

DID THE TRIAL COURT ERR IN ALLOWING USE OF ARGUELLO'S CONVICTION FOR DUI IN AUGUST, 1992 TO SUSTAIN HIS PRESENT CONVICTION FOR THIRD OFFENSE DUI?

[A] judgment of conviction rendered by a court without subject matter jurisdiction is wholly void and without any force or effect whatever. Invalid convictions cannot be used to enhance a sentence for a subsequent criminal offense under the habitual offender statutes. This principle applies equally to [DUI] habitual offender proceedings.

*State v. Escalante*, 458 N.W.2d 787, 789 (S.D. 1990) (citations omitted).

Arguello argues that his conviction for DUI in August 1992 was rendered by the magistrate court without subject matter jurisdiction and, as a result, the conviction is invalid and should not have been used to sustain his present conviction for third offense DUI. Arguello contends the conviction was rendered without jurisdiction because an Information was not properly filed in the case.

Arguello's argument concerning impropriety in the filing of the Information is premised on the time of its filing. SDCL 23A–6–3 provides in pertinent part that, "[a]ll informations shall be filed with the court having jurisdiction of the offense by the prosecuting attorney prior to the arraignment." Relying on the fact that the Information for his August, 1992 DUI offense was not date stamped by the clerk of courts until three days after his arraignment, Arguello submits that the filing was untimely. We disagree.

We have recently addressed this same question in *State v. Heftel*, 513 N.W.2d 397 (S.D.1994) with regard to the filing of a Habitual Offender Information. In *Heftel*, the defendant was arraigned on a Part II Habitual Offender Information on October 13, 1992 but the Part II Information was not date stamped by the clerk of courts until October 14, 1992. Nevertheless, the Part II

Information was given to the judge the morning of the defendant's arraignment. During the arraignment, the court informed the defendant the Part II Information had been filed, listed the previous felonies alleged, questioned whether the defendant had received a copy of the Information and advised him of the possible sentence enhancements if he were convicted of being an habitual offender. The court questioned the defendant as to whether he understood each allegation of the Part II Information and, at each juncture, ensured the defendant understood the charges. On appeal, the defendant argued that the trial court erred in enhancing his sentence because the Part II Information was not filed "at the time of" his arraignment as required by the habitual offender act. In affirming the sentence enhancement, we observed the rule that documents may be filed with the judge rather than the clerk of courts (SDCL 15-6-5(e)[2]) and concluded:

> We have held that because of its highly penal nature, the habitual offender act should be strictly construed. This is to ensure that a defendant is fully aware, at the time he is arraigned and pleads to the principal felony, of the habitual offender information and the possibility of an enhanced sentence.

> However, when the purpose of the act has been fulfilled and the defendant can claim 'no surprise, prejudice or disadvantage,' we have not reversed habitual criminal convictions because State failed to technically comply with the habitual offender act.

> Other jurisdictions have applied similar reasoning in cases concerning the filing of an information.

> Heftel was fully advised by the court at the arraignment of the Part II Information and its possible consequences. Further, he suffered no prejudice due to the fact that the information was date stamped by the clerk of courts the following day rather than being signed by the judge the day of the arraignment.

*Heftel,* 513 N.W.2d at 402–403 (citations omitted).

Here, just as in *Heftel,* Arguello was arraigned on an Information that was not date stamped by the clerk of courts until after the arraignment. However, also as in *Heftel,* the transcript of the arraignment reflects that the Information was filed with the magistrate court during the course of the arraignment. Moreover, during the arraignment, the magistrate court informed Arguello that he was charged with DUI on August 1, 1992. It ensured that he understood that the blood sample taken from him showed a blood alcohol content of .162 and determined that Arguello had read, signed and understood a written waiver of rights that informed him he was charged with DUI. The waiver of rights also advised Arguello of: the maximum possible penalty; the right to counsel; the right to trial by jury; the presumption of innocence; the right to confront adverse witnesses; the right to compulsory service of process; the privilege against self-incrimination; the consequences of a guilty plea; and, particularly, the fact that a guilty plea would constitute a waiver of the foregoing rights. In addition, the waiver contained the following acknowledgement:

> *You have a right to be informed of the charges filed against you* [emphasis original], and *a copy of the Complaint and Information has been given to you on the charge of Driving or Control of a Vehicle While Under the Influence of Alcohol* [emphasis added][.]

The purpose of an Indictment or Information is to apprise a defendant of the nature of the charges against him with sufficient specificity so that he may defend against the charges and may later plead the Indictment or Information as a bar to a subsequent charge. *See, State v. Mouttet,* 372 N.W.2d 121 (S.D.1985); *State v. Belt,* 79 S.D. 324, 111 N.W.2d 588 (S.D.1961); *State v. Sinnott,* 72 S.D. 100, 30 N.W.2d 455 (1947). Given the extensive written waiver of rights signed by

2. SDCL 15-6-5(e) provides:
   The filing of pleadings and other papers with the court as required by this chapter shall be made by filing them with the clerk of the court, *except that the judge may permit the papers to* be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk. (emphasis added).

Arguello that advised him of the DUI charge and, particularly, given his acknowledgement that he had received a copy of the Complaint and Information, the purpose of filing an Information was clearly fulfilled in this instance. There can be no credible argument by Arguello that he was not aware of the nature of the charges against him or that he could not defend against the charges or plead the Information as a bar to a subsequent charge. Moreover, the waiver of rights makes clear that, at the time Arguello was arraigned and pled guilty to the DUI charge, he was fully aware of the consequences of his plea. In short, Arguello can claim no surprise, prejudice or disadvantage as a result of the late date stamping of the Information by the clerk of courts. Therefore, we decline to invalidate Arguello's prior DUI conviction merely because State failed to technically comply with the statutory requirements for filing Informations prior to the arraignment.[3]

In reaching this conclusion, we distinguish our holding in *Honomichl v. State,* 333 N.W.2d 797 (S.D.1983) which invalidated two prior convictions where Informations were *never* filed by state in the prior prosecutions. In that instance, the trial court never acquired subject matter jurisdiction to enter judgments of conviction and sentences in the two cases. Here, the transcript of the arraignment clearly establishes that the state's attorney filed the Information with the court during the course of the arraignment. As a result, the magistrate court acquired the necessary subject matter jurisdiction to enter a judgment of conviction and sentence on the basis of Arguello's guilty plea. It follows that the conviction based on the plea is valid and was appropriately used to sustain Arguello's present conviction for third offense DUI.

Affirmed.

MILLER, C.J., and SABERS, J., concur.

HENDERSON and AMUNDSON, JJ., dissent.

HENDERSON, Justice (dissenting).

It is a very simple process.

When the trial court accepted Arguello's guilty plea to both the August 1, 1992 and October 16, 1992 DUI offenses, no informations had been filed with the trial court. Thus, the trial court had no subject matter jurisdiction to accept the plea. Without jurisdiction, the DUI judgments are "wholly void and without any force or effect whatever." *Honomichl v. State,* 333 N.W.2d 797, 799 (S.D.1983) (quoting *State v. Mee,* 67 S.D. 335, 292 N.W. 875 (1940), *rev'd on rehearing,* 67 S.D. 589, 297 N.W. 40, 41 (1941)). Therefore, I dissent.

Although informations were filed three days after the arraignment, harmless error excuses need not apply. This Court has steadfastly held that subject matter jurisdiction cannot be acquired by estoppel. *Honomichl,* 333 N.W.2d at 799; *Mee,* 67 S.D. 589, 297 N.W. at 41; *Kromer v. Sullivan,* 88 S.D. 567, 225 N.W.2d 591, 592 (1975); *Johnson v. Bruflat,* 45 S.D. 200, 186 N.W. 877, 878 (1922). Unless jurisdiction exists, the judgment is not due process of law and is ineffectual for any purpose. *Kromer,* 225 N.W.2d at 592; *Johnson,* 186 N.W. at 878. The convictions based on Arguello's plea must be rendered void and unusable for enhancement purposes.

To obtain subject matter jurisdiction, an information must be properly filed. SDCL 23A-6-3 unambiguously provides in no uncertain terms: "All informations shall be filed with the court having jurisdiction of the offense by the prosecuting attorney *prior to the arraignment.*" (Emphasis added.) Such was not done. Compliance with the statute and authorities mandates that Arguello's conviction for *third* offense DUI should be reversed and remanded with directions to strike Arguello's conviction for the 1992 DUIs. "An information is a vital substantive document rather than a mere technicality." *Honomichl,* 333 N.W.2d at 799. This lan-

---

**3.** However, as we stated in *Heftel,* 513 N.W.2d at 402, n. 5 we reiterate that:

> [w]e do not approve of the procedure employed by the State in 'putting a copy on your desk' as a method of filing legal documents with the court. When it is necessary to file papers during a court proceeding, the documents should be presented to the judge for his or her signature.

guage is unequivocal. We should stand by the precedent of *Honomichl,* a 1983 decision, and *State v. Escalante,* 458 N.W.2d 787 (S.D. 1990) (DUI convictions rendered by a court without subject matter jurisdiction are wholly void and without any force or effect whatever). Because State failed to properly file the information, jurisdiction was never established.

It is a very simple process.

AMUNDSON, J., joins this dissent and I am authorized to so state.