STATE OF MINNESOTA

IN SUPREME COURT

A14-1402

Ramsey County                                                                              Anderson, J.

Harry Jerome Evans,

       Appellant,

vs.                                                                              Filed:  August 5, 2015
                                                                                 Office of Appellate Courts

State of Minnesota,

       Respondent.

_____

Harry Jerome Evans, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

The district court did not err when it concluded that appellant's claims were untimely.

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

ANDERSON, Justice.

Appellant Harry Jerome Evans was convicted of first-degree murder of a peace officer for the 2005 murder of St. Paul police sergeant Gerald Vick. We affirmed Evans's conviction on direct appeal, *State v. Evans* (*Evans I*), 756 N.W.2d 854 (Minn. 2008), and the district court's subsequent denial of his first postconviction petition, *Evans v. State* (*Evans II*), 788 N.W.2d 38 (Minn. 2010). In May 2014, Evans filed a motion for relief from judgment, *see* Minn. R. Civ. P. 60.02, which alleged a number of claims including ineffective assistance of trial and appellate counsel. The district court treated Evans's motion as a second postconviction petition. Concluding in part that all of Evans's claims are untimely under the postconviction statute, Minn. Stat. ch. 590 (2014), the district court denied Evans's request for relief. Because we also conclude that Evans's claims are untimely, we affirm.

I.

The facts surrounding the murder and trial are set forth in detail in *Evans I*, 756 N.W.2d at 859-67, and are restated here only as relevant to this appeal. During Evans's trial, the district court received a telephone call stating that one of the jurors was racially biased. *Id.* at 862. The district court denied Evans's motions to investigate the complaint. *Id.* at 862-63. The jury subsequently found Evans guilty of first-degree murder of a peace officer, Minn. Stat. § 609.185(a)(4) (2014), and the district court sentenced him to life in prison without the possibility of release. *Evans I*, 756 N.W.2d at 862.

On direct appeal, we concluded that the record lacked adequate information to evaluate Evans's allegation of juror bias, and we remanded with instructions for further investigation. *Id.* at 863-64. The district court on remand granted Evans's motion for a *Schwartz* hearing to determine whether juror misconduct had occurred. *Id.* at 864; *see Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960). The court issued subpoenas to witnesses, and counsel for Evans requested that the district court add the following language to the cover letters to the subpoenas:

> You are directed not to discuss with anyone the fact that you have received this subpoena or your participation in this matter. However, you may speak with the attorneys working on this case or with persons who are working with the attorneys if you are contacted by them and if you wish to speak with them.

*Evans I*, 756 N.W.2d at 864-65. The State agreed to the proposed language and the court included the language in the cover letters. *Id.* at 864-65.

On the day of the *Schwartz* hearing, Evans learned that the State had previously interviewed the allegedly biased juror. *Id.* He moved for an order finding prejudice based on the State's contact with the juror or, alternatively, to strike the juror's *Schwartz* hearing testimony and prehearing statements made to the State. *Id.* at 866. The district court denied the motion. *Id.* The court concluded that Evans failed to prove by a preponderance of the evidence that the juror had made racially biased statements or that a racially biased individual had sat on the jury. *Id.* at 866-67.

We affirmed Evans's conviction. *Id.* at 881. With respect to the juror-bias claim, Evans's allegation of prejudice sufficient to taint the *Schwartz* hearing was precluded under the invited-error doctrine because counsel for Evans agreed to the subpoena

3

language permitting the parties to interview witnesses before the *Schwartz* hearing. *Id.* at 867. We also concluded that the district court's findings of fact at the *Schwartz* hearing were not clearly erroneous, and Evans was not denied a fair trial or an impartial jury. *Id.* at 870-71.

Evans petitioned for postconviction relief, and we affirmed the postconviction court's denial of the petition. *Evans II*, 788 N.W.2d at 41, 50. We concluded that Evans's claim of ineffective assistance of trial counsel was procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), because the claim was known to him but not raised at the time of his direct appeal. *Evans II*, 788 N.W.2d at 43-44. Evans also claimed ineffective assistance of appellate counsel for failure to "(1) file a motion seeking independent counsel for Evans to handle the *Schwartz* hearing; and (2) request an evidentiary hearing on Evans's ineffective assistance of trial counsel claims." *Id.* at 45. We found no merit to Evans's allegations, concluding that (1) there was no reasonable possibility that independent counsel would have secured a different result at the *Schwartz* hearing, and (2) Evans was unable to demonstrate that his trial counsel was ineffective. *Id.* at 45-47.[1]

---

[1]    Evans also petitioned for a federal writ of habeas corpus. The federal magistrate judge recommended denying Evans's petition for substantially the same reasons as in *Evans I* and *II*. *Evans v. King*, No. CIV. 10-4045 SRN/SER, 2012 WL 4128682 (D. Minn. July 30, 2012), *report and recommendation adopted*, 2012 WL 4128509 (D. Minn. Sept. 19, 2012). In 2014, Evans brought a motion in federal district court for relief from judgment under Fed. R. Civ. P. 60(b); the federal district court construed the majority of Evans's motion as a successive habeas petition and denied relief for failure to obtain

(Footnote continued on next page.)

In May 2014, Evans filed a motion for relief from judgment, *see* Minn. R. Civ. P. 60.02, which alleged a number of claims. More specifically, he asserted ineffective assistance of trial counsel for failure to "keep Evans informed of all developments in the case"; ineffective assistance of appellate counsel for stipulating to the subpoena language without Evans's consent and for failing to pursue a claim of ineffective assistance of trial counsel; and denial of a fair trial and prosecutorial misconduct stemming from the State's interview of the allegedly biased juror prior to the *Schwartz* hearing. The district court construed the motion as a second postconviction petition, which it summarily denied because, among other reasons, it was untimely under Minn. Stat. § 590.01, subd. 4.

## II.

The question presented by this case is whether the district court erred by construing Evans's motion as a second postconviction petition. We need not decide this issue, however, because we conclude that Evans's claims would have been untimely under both Minn. R. Civ. P. 60.02 and Minn. Stat. ch. 590.[2]

---

(Footnote continued from previous page.)
authorization from the Eighth Circuit to file a successive habeas petition. *Evans v. King* (*Evans III*), No. CIV. 10-4045 (SRN/SER), 2014 WL 5325375 (D. Minn. Oct. 20, 2014).

[2] The postconviction statute provides that it is the exclusive remedy for challenging the validity of a conviction "unless it is inadequate or ineffective." Minn. Stat. § 590.01, subd. 2. Even so, it is possible that subdivision 2 does not foreclose all of Evans's claims. The federal district court, in analyzing Evans's Fed. R. Civ. P. 60(b) motion before that court, and using the relevant federal rules and statutes, differentiated between the claims that challenged the validity of his conviction and those that did not. *Evans III*, 2014 WL 5325375, at *4-6 (citing *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002)). Rather than individually analyzing each of Evans's claims, we can conclude, on
(Footnote continued on next page.)

Rule 60.02 states that a motion for relief from judgment "shall be made within a reasonable time," and in some circumstances, within 1 year. Evans's motion was filed on May 27, 2014, over 5 years after we affirmed his conviction on direct appeal, *see Evans I*, 756 N.W.2d 854, and almost 4 years after we affirmed the denial of his first postconviction petition, *see Evans II*, 788 N.W.2d 38. Such a long delay between our decision and Evans's motion for relief from that decision is not "reasonable." *See* Minn. R. Civ. P. 60.02. Consequently, even if the district court had treated Evans's request for relief as a Rule-60.02 motion, his request would have been untimely.

The postconviction statute states that "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2). None of Evans's claims fall within an exception to the 2-year time limit. *See id.*, subd. 4(b).[3] Consequently, Evans's claims are also untimely under the postconviction statute.

---

(Footnote continued from previous page.)
this record, that all of them are untimely, under either Rule 60.02 or the postconviction statute.

[3]     To the extent that Evans asserts any claims not decided in *Evans I* and *II*, he does not allege that these claims involve "newly discovered evidence . . . that could not have been ascertained . . . within the two-year time period for filing a postconviction petition." Minn. Stat. § 590.01, subd. 4(b)(2). Evans also cites two recent United States Supreme Court decisions that he argues are retroactively applicable to his case and revive his ineffective-assistance-of-trial-counsel claim. *See Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012); *see also* Minn. Stat. § 590.01, subd. 4(b)(3). These cases pertain to the doctrine of procedural default in federal habeas cases and are inapplicable to state-court proceedings.

Because the district court did not err when it concluded that Evans's claims were untimely, we affirm.

Affirmed.