ANDERSON, Justice.
Appellant Harry Jerome Evans moves for correction of his sentence, see Minn. R. Crim. P. 27.03, subd. 9, from "life imprisonment without possibility of release" under Minn. Stat. § 609.106, subd. 2(1) (2018), to "imprisonment for life" under the first-degree murder statute, Minn. Stat. § 609.185(a)(4) (2018).[1] The postconviction court denied the motion, and we affirm.
FACTS
The facts underlying Evans's conviction are found in State v. Evans (Evans I ), 756 N.W.2d 854, 859-62 (Minn. 2008). Evans was found guilty by a Ramsey County jury and convicted of first-degree murder of a peace officer engaged in official duties. See id. at 859 ; see also Minn. Stat. § 609.185(a)(4). Evans was sentenced to life in prison without the possibility of *242 release under Minn. Stat. § 609.106, subd. 2(1). We affirmed his conviction on direct appeal. Evans I , 756 N.W.2d at 881. Evans sought postconviction relief on two previous occasions, which the postconviction court denied, and we affirmed. See Evans v. State (Evans III ), 868 N.W.2d 227 (Minn. 2015) ; Evans v. State (Evans II ), 788 N.W.2d 38 (Minn. 2010). In 2015, Evans also moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, alleging that the district court exceeded its sentencing authority by requiring payment of restitution in the amount of $7,500. The postconviction court denied this motion, and we affirmed. See Evans v. State (Evans IV ), 880 N.W.2d 357 (Minn. 2016).
In April 2018, Evans brought a second motion under Rule 27.03, subdivision 9, to correct his sentence, which is the subject of the current appeal. He asks that he be resentenced to life with the possibility of release, rather than life without the possibility of release. He advances three arguments as to why his sentence under Minn. Stat. § 609.106, subd. 2(1), which requires "life imprisonment without possibility of release," was not authorized by law and, therefore, must be corrected.
First, Evans argues that "imprisonment for life" as set forth in Minn. Stat. § 609.185(a)(4) means "imprisonment for life" with the possibility of release. Evans argues that this meaning contradicts the plain language of the statute under which he was sentenced, Minn. Stat. § 609.106, subd. 2(1), which provides for "life imprisonment without possibility of release." Second, Evans argues that section 609.106, subdivision 2(1), exposes him to a greater punishment than that authorized by section 609.185(a)(4), in violation of Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington , 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Third, Evans argues that the postconviction court erred by using elements of the offense to increase his sentence from "imprisonment for life" to "life without possibility of release," thus departing upwardly, in violation of State v. Cermak , 344 N.W.2d 833, 839 (Minn. 1984), and Minn. Sent. Guidelines II.D.2.b(12) (2004).
The postconviction court denied his motion. Evans now appeals.
ANALYSIS
We review a postconviction court's denial of a motion to correct a sentence for an abuse of discretion. Evans IV , 880 N.W.2d at 359. The postconviction court will not be reversed unless it "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Reed v. State , 793 N.W.2d 725, 729 (Minn. 2010). We review an interpretation of the Minnesota Rules of Criminal Procedure and Minnesota Statutes de novo. Reynolds v. State , 888 N.W.2d 125, 129 (Minn. 2016).
Evans seeks modification of his first-degree murder sentence. "The court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9.
Evans's argument involves two statutes. Under Minn. Stat. § 609.185(a)(4), whoever "causes the death of a peace officer ... with intent to effect the death of that person" and while the peace officer "is engaged in the performance of official duties" is "guilty of murder in the first degree and shall be sentenced to imprisonment for life ." (Emphasis added.) And under Minn. Stat. § 609.106, subd. 2(1), "[t]he court shall sentence a person to life imprisonment without possibility of release " if "the person is convicted of first-degree murder under section 609.185, *243 paragraph (a), clause ... (4) ...." (Emphasis added.) Evans argues that the phrase "imprisonment for life" in section 609.185, paragraph (a), conflicts with the phrase "life imprisonment without possibility of release" in section 609.106, subdivision 2. We disagree.
We recently rejected the argument that Evans makes here. See Hannon v. State , 889 N.W.2d 789, 792 (Minn. 2017). Hannon was sentenced under Minn. Stat. § 609.106, subd. 2(2) (2018), "which mandates that one 'convicted of committing first degree murder in the course of a kidnapping' ... shall be sentenced to 'life imprisonment without possibility of release.' " Hannon , 889 N.W.2d at 792. Hannon asserted, as Evans does here, that the maximum sentence permitted by Minn. Stat. § 609.185 (2018), was "simply life in prison." Hannon , 889 N.W.2d at 792. We held that the postconviction court did not abuse its discretion when it concluded that "the applicable sentencing statute mandated a sentence of life imprisonment without the possibility of release," and thus, Hannon's argument lacked merit. Id. The only distinction between Hannon's argument, which we rejected, and Evans's argument here, is the precise clause of Minn. Stat. § 609.185 under which the appellant was convicted. This distinction makes no analytical difference.
Further, the phrase "life imprisonment without possibility of release" in Minn. Stat. § 609.106, subd. 2(1) does not contradict the phrase "shall be sentenced to imprisonment for life" in Minn. Stat. § 609.185(a)(4). These two statutes must be read in conjunction with a third, Minn. Stat. § 244.05, subd. 4 (2016), which specifies when release is possible for inmates sentenced to life imprisonment, see, e.g. , id. , subd. 4(b) ("An inmate serving a mandatory life sentence under section 609.185, clause (3), (5), or (6) ... must not be given supervised release under this section without having served a minimum term of 30 years."), and when release is not permitted, id. , subd. 4(a) ("An inmate serving a mandatory life sentence under section 609.106... must not be given supervised release under this section." (emphasis added)).
These three statutes work together. Minnesota Statutes § 609.185 defines first-degree murder, occurring under various circumstances, and imposes a mandatory sentence of "imprisonment for life." The statute does not specify whether release is prohibited or permitted. That characteristic is addressed in two separate statutes. Minnesota Statutes § 609.106, subd. 2 (2018) specifies the "circumstances" under which release is prohibited. Minnesota Statutes § 244.05 (2018), although providing some circumstances in which release is permitted, e.g. , id. , subd. 4(b) (for some convictions, after the inmate has "served a minimum term of 30 years"), confirms that release "must not be given" to an inmate sentenced under section 609.106, id ., subd. 4(a). Read together, neither statute suggests that release is possible when a sentence is imposed under Minn. Stat. § 609.106, subd. 2(1) for a conviction under Minn. Stat. § 609.185(a)(4). The argument that Evans makes here would disrupt the clear sentencing provisions enacted by the Legislature, and this we cannot do.
Next, the constitutional argument advanced by Evans lacks merit for a similar reason.[2] The Blakely /Apprendi rule provides: " 'Other than the fact of a prior *244 conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " Blakely , 542 U.S. at 301, 124 S.Ct. 2531 (quoting Apprendi , 530 U.S. at 490, 120 S.Ct. 2348 ). Despite the assertion by Evans to the contrary, section 609.106 does not "increase" his sentence because "imprisonment for life," as we explained above, does not mean "imprisonment for life with possibility of release." There has been no judicial fact-finding that increases Evans's maximum sentence, and thus, the Blakely /Apprendi rule does not apply.[3]
Finally, Evans's sentencing-departure argument also fails. The sentencing court did not depart when it followed the mandatory language of Minn. Stat. § 609.106, subd. 2, and sentenced Evans to life imprisonment without the possibility of release. The sentencing court had no discretion to impose any other sentence. See id. ("The court shall sentence a person to life imprisonment without possibility of release ...." (emphasis added)). Thus, the postconviction court did not err by rejecting this argument.
CONCLUSION
For the foregoing reasons, we conclude that the postconviction court did not abuse its discretion by denying Evans's motion to correct his sentence.
Affirmed.

Evans was convicted under Minn. Stat. § 609.185(a)(4) (2006), see State v. Evans , 756 N.W.2d 854, 859 (Minn. 2008), which was amended in 2014, see Act of May 21, 2014, ch. 302, § 1, 2014 Minn. Laws 1847, 1847-48. The changes brought by that amendment are not material to our analysis.

The State does not argue that Evans's constitutional argument is procedurally barred. A motion to modify a sentence may not be used to challenge an underlying conviction. See Wayne v. State , 870 N.W.2d 389, 391 (Minn. 2015) ; State v. Coles , 862 N.W.2d 477, 480 (Minn. 2015). But because the State does not assert the procedural bar here, and because the argument made by Evans lacks merit, we do not consider whether Evans's constitutional argument is an impermissible challenge to his underlying conviction.

Evans states that section 609.106"merely increases punishment for the crime [a]ppellant has already been convicted of committing" and cites State ex rel. Hansen v. Rigg , 258 Minn. 388, 104 N.W.2d 553, 554 (1960). His reliance on Rigg is misplaced. The defendant in Rigg was "charged with an asserted violation of a statute which does not create a criminal offense," and thus the district court did not have jurisdiction to impose a criminal sentence. Id. The circumstances here bear no similarity to those found in Rigg .