STATE OF MINNESOTA

IN SUPREME COURT

A23-0980

Ramsey County                                                    Procaccini, J.
                                                     Took no part, Hennesy, J.

Harry Jerome Evans,

                   Appellant,

vs.                                                        Filed:  July 3, 2024
                                                     Office of Appellate Courts
State of Minnesota,

                   Respondent.

_____

Harry Jerome Evans, Bayport, Minnesota, pro se.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Alexandra Meyer, Assistant Ramsey County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

The district court did not abuse its discretion by summarily denying an untimely petition for postconviction relief because the facts alleged in the petition failed to meet either the newly-discovered-evidence exception or the interests-of-justice exception to the statutory time bar.

Affirmed.

1

PROCACCINI, Justice.

Harry Jerome Evans appeals from the denial of his petition for postconviction relief. In 2006, Evans was convicted of first-degree murder of a peace officer engaged in the performance of official duties for shooting Saint Paul Police Sergeant Gerald Vick. *See* Minn. Stat. § 609.185(a)(4) (2012). We affirmed his conviction on direct appeal. *State v. Evans*, 756 N.W.2d 854, 859 (Minn. 2008) (*Evans I*). Following his direct appeal, Evans sought review of his conviction and sentence multiple times in both state and federal courts. Although Evans concedes that his current petition falls outside the time limitation in Minnesota Statutes section 590.01, subdivision 4(a) (2022), he claims the facts alleged in his petition, if proven at an evidentiary hearing, would meet two of the statutory exceptions to the time bar—the newly-discovered-evidence and the interests-of-justice exceptions. Minn. Stat. § 590.01, subd. 4(b)(2), (5) (2022). The district court determined that the petition failed to satisfy the exceptions and summarily denied the petition.

Because the district court did not abuse its discretion by determining that the facts alleged in the petition failed to meet an exception to the statutory time bar for postconviction relief, we affirm.

**FACTS**

In 2006, a jury found Harry Jerome Evans guilty of first-degree murder in the shooting of Saint Paul Police Sergeant Gerald Vick. *Evans I*, 756 N.W.2d at 859. The facts proved at trial and subsequent legal history are outlined in more detail in our previous opinions. *See id.* at 859–62; *Evans v. State*, 788 N.W.2d 38, 41–43 (Minn. 2010)

2

(*Evans II*). To summarize: Sergeant Gerald Vick and Sergeant Joseph Strong were conducting an undercover investigation of prostitution at a Saint Paul bar the night of the shooting. *Id.* The two officers had been drinking at the bar to fit in with the other patrons. *Id.* As the bar closed, the two left the bar and began conversing near Strong's undercover car. *Id.* The officers had driven separately in unmarked cars to avoid suspicion. *Id.* While outside the bar, they got into a confrontation with Evans and his cousin, A.K. *Id.* at 860. The officers told Evans and A.K. to leave the area. *Id*. Before Evans and A.K. walked away, Evans raised his shirt, exposing his waistband to imply that he had a gun or could get a gun. *Id.*

Strong left in his car. *Id.* While Strong was stopped at a nearby traffic light, A.K. confronted him at the intersection, and Strong called Vick for backup. *Id.* Vick arrived at the scene, parking his car on the sidewalk by A.K. *Id.* Strong exited his vehicle, and he and Vick ran and stomped their feet toward A.K. and Evans to "push" them from the area. *Id.* During this renewed confrontation, Strong heard several gunshots and saw Vick fall to the ground. *Id.* Evans and A.K. fled from the scene before reuniting nearby. *Id.*

Given Evans's proximity to Vick before the gunshots, Strong identified Evans as the shooter. *Id.* at 859–60. At trial, A.K. also testified that Evans had shot Vick, with Evans telling A.K. afterward, "I got him, I think I got one." *Id.* at 161. A trial witness who was in another vehicle at the same intersection also identified Evans as the shooter. The police found .38-caliber bullets and shell casings at the crime scene and a .38-caliber revolver on a nearby property. *Id.* Police also found a cartridge of that same caliber in a pair of jeans at Evans's residence. *Id.* DNA testing on the revolver excluded A.K. and

3

Vick but could not exclude Evans. *Id.* at 861–62. Evans claimed at trial that A.K. had shot Vick and that Vick could not have been engaged in the performance of official duties at the time of the shooting because he was intoxicated, allegedly in violation of Saint Paul Police Department policies. *Id.* at 862. The jury found Evans guilty of first-degree murder of a peace officer while the officer was engaged in official duties, in violation of Minnesota Statutes section 609.185(a)(4), and the district court sentenced him to life in prison without the possibility of release. *Id.*

Evans appealed his conviction to this court, challenging various aspects of his trial. We rejected Evans's arguments and affirmed his conviction. *Evans I*, 756 N.W.2d at 881. Following his direct appeal, Evans continued to seek review of his conviction and sentence in state and federal courts. Evans petitioned for postconviction relief for the first time in 2009. *Evans II*, 788 N.W.2d at 41. The district court denied his petition, and Evans appealed to this court. *Id.* Evans claimed that his trial and appellate counsel had provided ineffective assistance and that he was entitled to a new trial based on an allegation that, following his original trial, A.K. had admitted to a third party that A.K. was the actual shooter. *Id.* We rejected Evans's postconviction claims and affirmed the district court's decision to deny the petition. *Id.* at 50.

Evans next filed a petition for writ of habeas corpus in federal court, alleging 11 grounds for relief, including several claims similar to those that he made in his appeals to our court in 2008 and 2010, as well as a claim of prosecutorial misconduct. *Evans v. King*, No. 10-4045, 2011 WL 3837086, at *1 (D. Minn. Aug. 29, 2011). After conducting the preliminary review required under federal court rules, the federal court rejected four

4

grounds, dismissing them with prejudice and denying the petition as to those grounds. *Id.* at *2. Following adversarial proceedings, the district court rejected Evans's remaining seven grounds for relief, denied the petition, and dismissed it with prejudice in 2012. *Evans v. King*, No. 10-4045, 2012 WL 4128509, at *7 (D. Minn. Sept. 19, 2012). Evans then filed a motion for relief from judgment, seeking to reopen that habeas petition under Federal Rule of Civil Procedure 60(b), which the federal court denied in 2014. *Evans v. King*, No. 10-4045, 2014 WL 5325375, at *7 (D. Minn. Oct. 20, 2014).

Evans next returned to state courts to seek relief, filing a motion for relief from judgment under Minnesota Rule of Civil Procedure 60.02, which the district court construed as a petition for postconviction relief. *Evans v. State*, 868 N.W.2d 227, 227 (Minn. 2015) (*Evans III*). In 2015, we affirmed the district court's denial of that petition. *Id.* at 230. We determined that the petition was time-barred under Rule 60.02 and Minnesota Statutes section 590.01 (2022), and Evans did not claim any exception to those time bars.

In 2015, Evans moved to correct the restitution portion of his sentence, the district court denied the motion, and we affirmed the district court's decision because the motion was untimely. *Evans v. State*, 880 N.W.2d 357, 362 (Minn. 2016) (*Evans IV*). In 2019, we affirmed the district court's denial of another motion by Evans to correct his sentence. *Evans v. State*, 925 N.W.2d 240, 244 (Minn. 2019) (*Evans V*).

In his current postconviction relief petition, Evans seeks an evidentiary hearing and a new trial. Evans asserts a variety of claims, alleging in his petition and accompanying affidavit that (1) the grand jury proceedings were flawed; (2) evidence was wrongly

5

withheld at his trial; (3) impeachment evidence was wrongly suppressed at trial; (4) defective processing of evidence, as well as unreliable DNA evidence, compromised the trial process; (5) a problematic drinking culture at the Saint Paul Police Department denied him a fair trial; (6) a 2012–13 controversy at the Saint Paul Police Lab regarding forensic evidence calls into question the evidence presented against him at trial; (7) A.K. murdered Vick and admitted to doing so; (8) witnesses who testified against Evans lied at trial; and (9) the prosecution failed to establish two elements of the offense. Evans submitted 15 exhibits in support of his petition. One of his exhibits was the affidavit noted above, eight of the exhibits were from Evans's original trial, two contained the text of sections from Minnesota Statutes, and the other four consisted of post-trial correspondence and news articles.

The district court denied the petition without a hearing, determining that the facts alleged in the petition failed to meet an exception to the statutory time bar for postconviction relief.[1] Evans appealed.

**ANALYSIS**

"We review the denial of a petition for postconviction relief, including the petitioner's request for an evidentiary hearing, for an abuse of discretion." *Campbell v. State*, 916 N.W.2d 502, 506 (Minn. 2018). In doing so, we review the district court's "legal

---

[1] The district court also concluded that Evans's petition was procedurally barred under *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). The parties did not address that decision in their briefing. Because we determine that Evans's petition is time-barred under Minnesota Statutes section 590.01, we need not consider whether the petition is also procedurally barred under *Knaffla*.

conclusions de novo and its findings of fact for clear error." *Rhodes v. State*, 875 N.W.2d 779, 786 (Minn. 2016). A postconviction petitioner is entitled to an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2022). But a district court "need not hold an evidentiary hearing when the petitioner alleges facts that, if true, are legally insufficient to entitle him to the requested relief." *Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012).

To be timely, a petition for postconviction relief must be filed within two years of "an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2). Because we resolved Evans's direct appeal in 2008, his current petition is well beyond the two-year statutory time bar. The statute includes five exceptions to the time bar, but "[a]ny petition invoking an exception . . . must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2022). Evans argues that his petition meets the newly-discovered-evidence and interests-of-justice exceptions, which we discuss in turn. Minn. Stat. § 590.01, subd. 4(b)(2), (5).

A.

Evans first argues that his claim satisfies the exception for "newly discovered evidence." Minn. Stat. § 590.01, subd. 4(b)(2). We have explained:

> Essentially, this exception requires that the petitioner show that the evidence (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2-year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

7

*Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012). "All five criteria must be satisfied to obtain relief." *Id.* A claim under this exception arises when the petitioner "knew or should have known" of the evidence. *Caldwell v. State*, 976 N.W.2d 131, 138 (Minn. 2022) (internal quotation marks omitted).

Even if we assume that the facts Evans alleged in his petition were true, Evans's petition and the exhibits attached to it fail to meet the requirements of the newly-discovered-evidence exception. His first exhibit is his own affidavit summarizing the contents of his petition, alleging discrimination by the Saint Paul Police Department and making statements about other evidence that he alleges proves his innocence. This document is not newly discovered evidence because Evans did not "discover" it; he wrote it himself, and it merely describes and makes arguments related to other evidence. Similarly, Evans includes as an exhibit a letter that he wrote to the Minnesota Attorney General and the Ramsey County Attorney. Like the affidavit, this letter is not newly discovered evidence because it was drafted by Evans himself. In any event, this letter also does not satisfy the requirement that the evidence must exonerate the petitioner. *See* Minn. Stat. § 590.01, subd. 4(b)(2).

Eight of the remaining exhibits were presented at Evans's trial or contain transcripts of proceedings occurring before and during his trial. These exhibits include transcripts of the grand jury proceedings and transcripts of witness and expert testimony at trial. Evidence of trial proceedings cannot be considered "new evidence," because the evidence was known to Evans at the time of trial. *See Onyelobi v. State*, 966 N.W.2d 235, 238 (Minn. 2021).

8

The remaining five exhibits—a letter to Evans from the Minnesota Department of Human Rights, two news articles, and two statutes—also fail to meet the newly-discovered-evidence exception, either because they are not newly discovered or because they do not exonerate him.

The letter from the Minnesota Department of Human Rights appears to respond to a complaint from Evans against the Saint Paul Police Department and Saint Paul Police Crime Lab. The letter notes the Department's decision not to take action on the complaint, and the letter does not provide any new evidence that would satisfy the exoneration requirement. Attached to the letter is a list of members of the Minnesota Board of Peace Officer Standards and Training in 2005.[2] Evans does not explain how this list could exonerate him or why he was unable to obtain this information until now.

The first news article is from 2006 and relates to the Saint Paul Police Department's alleged drinking culture during the time of Evans's offense and trial. The information in this article was known or knowable by Evans when it was published in 2006. To the extent that Evans had a claim based on this article, that claim arose in 2006, and the time to bring that claim has long since passed. Evans also does not explain how evidence of a drinking culture at the police department would exonerate him. And, to the extent that this evidence could have been used for impeachment purposes, such evidence is excluded from the newly-discovered-evidence exception. Minn. Stat. § 590.01, subd. 4(b)(2).

---

[2] The origin of this list is unclear, but Evans attached it to the letter from the Minnesota Department of Human Rights.

9

The second news article explains that the Saint Paul Police Crime Lab had to be "shut down in 2013 after it was discovered that incompetence and contamination tainted 1,700 drug cases." Although the article was published in 2021, it refers to allegations that were publicized in 2013 and known to other incarcerated individuals at that time. *See, e.g.*, *State v. Hill*, 871 N.W.2d 900, 903, 909 & n.9 (Minn. 2015) (noting that the Saint Paul Police Crime Lab had been investigated for deficiencies in its quality control measures and that the Legislature had taken action to address the concerns).[3] Because this information was known or knowable by Evans in 2013, the time to bring a claim based on this article has also long since passed.[4] *See Caldwell*, 976 N.W.2d at 138.

Finally, the two statutes that Evans includes as exhibits, Minnesota Statutes sections 609.43 (2022) and 628.61 (2022), relate to misconduct of public officers and grand jury proceedings, respectively. Neither of these statutes is newly discovered evidence. Both statutes were enacted prior to Evans's trial, and Evans does not explain why they could not have been discovered until now.

---

[3]     Numerous individuals filed postconviction relief petitions based on the allegations against the crime lab in the same time frame. *See, e.g.*, *Roberts v. State*, 856 N.W.2d 287, 291 (Minn. App. 2014); *Goodman v. State*, No. A15-0458, 2015 WL 7693546, at *1 (Minn. App. Nov. 30, 2015); *Flores v. State*, No. A14-1855, 2015 WL 4508404, at *4 (Minn. App. July 27, 2015); *Castillo v. State*, No. A14-1067, 2015 WL 1608832, at *1 (Minn. App. Apr. 13, 2015).

[4]     Evans also fails to explain how the issues involving faulty drug testing at the Saint Paul Police Crime Lab identified in 2013 impacted his 2006 murder trial or would exonerate him.

In sum, the district court did not abuse its discretion by denying Evans's petition without a hearing because, assuming the facts he alleged in his petition are true, his claim did not meet the requirements of the newly-discovered-evidence exception.

B.

Evans also argues that the interests-of-justice exception applies to his petition. Minn. Stat. § 590.01, subd. 4(b)(5). This exception permits a court to hear an otherwise time-barred petition when "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.* Among other requirements, a petitioner invoking this exception must allege an injustice that *caused* the petitioner's failure to file before the statutory deadline. *White v. State*, 984 N.W.2d 882, 887 (Minn. 2023). Again, even if we assume that the facts alleged in his petition are true, Evans's claim does not meet the requirements of the interests-of-justice exception. Evans does not allege that an injustice delayed the filing of his current petition. It would be very difficult for him to do so. As detailed above, Evans has filed a series of previous actions in state and federal courts in the years following his conviction. These continual submissions demonstrate that he was not unduly restrained from filing his current claims until now, and Evans does not allege circumstances that prevented him from discovering the evidence that he now presents. Because Evans does not allege that an injustice prevented him from filing his petition in a timely manner, the district court did not abuse its discretion by denying Evans's petition.

Because the facts alleged in Evans's petition do not meet either the newly-discovered-evidence or interests-of-justice exceptions, the district court did not abuse its

discretion by concluding that his petition is untimely under Minnesota Statutes section 590.01 and must be denied.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Evans's petition without a hearing.

Affirmed.


HENNESY, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.